E-FILED
Monday, 13 July, 2020  04:44:29 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-CR-20047 |
| | ) | |
| SHAMAR BETTS, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S EMERGENCY MOTION TO STAY AND REVOKE RELEASE ORDER

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and pursuant to Tile 18, United States Code, Section 3145(a)(1), herby requests that the United States Magistrate Judge's order to release the defendant be stayed pending review by the Court and thereafter revoked.

## FACTUAL BACKGROUND

I.    **Offense Conduct**

The defendant, Shamar Betts, is charged with inciting a riot in violation of Title 18, United States Code, Section 2101. The charges relate to a riot that began at Market Place Mall in Champaign, Illinois, and then spread to other businesses in the area of Neil Street and Prospect Avenue. The defendant is alleged to have incited the riot by posting a flyer on his Facebook Account "RIOT @ MarketPlace Mall" at 3 p.m. and encouraging people to bring bricks. The flyer stated, "After the mall we hitting the whole PROSPECT & NEIL." The flyer included an image of a burning vehicle. BETTS

also posted the following message accompanying the flyer stating that he wanted the community to "fear us."

The defendant participated in the rioting and looting by taking clothing from the vandalized Old Navy store located at Market Place Mall, and during the riot, posting on a Facebook Live video stating, "Look what a n[***]a just started…look what a n[***]a just started.   We out here…we out here…we out here…we out here.   All ya'll talking that s[**]t under my post…we out here.   F[**]k that I needs that…we out here." During and after the riot, the defendant bragged about starting the riot, stating "I started this," "We out here in this b***h. My s**t went up," "I'm started this mf riot wish yo a** was here," "Got this b***h bussing," and "I'm a f*****g hero."

The riot caused thousands of dollars of damages and looting to approximately 50 businesses, including multiple small businesses that were set to reopen on June 1 after being shut down due to COVID-19. Dozens of off-duty police officers had to be called to the riot, costing taxpayers over $100,000 and resulting in items being thrown at the police officers.

After the riot, the defendant fled to Mississippi, where he used his phone to conduct searches such as, "can police find your location by logging in messenger," "can police track your facebook," and "what are charges for starting a riot." He also told others on his phone, "I had to leave & getaway until stuff dies down," "I had to bail out . . . s**t got too hot," and when asked if there was a warrant for his arrest, "I left that b***h just in case." The defendant was arrested by the United States Marshals Service in

Mississippi on a state warrant for burglary and a federal warrant for inciting a riot. The USMS recently returned the defendant to the Central District of Illinois.

## II.    Detention Hearing

Today, after several continuances to allow the defendant to attempt to find a third-party custodian for the 19-year-old defendant, the Magistrate Judge held a detention hearing in this matter. The probation officer initially recommended detention when three proffered third-parties refused to serve as custodians, then recommended release when a potential third-party custodian was found, then recommended detention again after hearing the proffered evidence at the detention hearing.

Both sides proceeded by proffer during the recorded video hearing. The United States proffered evidence related to the defendant's alleged offense and his flight to Mississippi. The defendant offered a third-party custodian to address the defendant's risk to the community and risk of flight. While the Magistrate Judge found the nature and circumstances of the offense were serious and the weight of evidence against the defendant was strong, it found that the United States did not meet its burden to warrant detention in light of the defendant's history and characteristics, along with the proposed conditions of release (including third-party custodian).

<u>ARGUMENT</u>

The United States sought a detention hearing because the defendant had already fled the jurisdiction once and therefore presented a serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A). Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the

appearance of the defendant ("risk of flight") and the safety of any other person and the community ("dangerousness"). 18 U.S.C. § 3142(f) Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to risk of flight, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f)*; United States v. Salerno*, 481 U.S. 739, 742 (1987); *Portes*, 786 F.2d at 764. Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431-33 (1979).

In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, criminal history, financial resources, and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

Section 3145(a) allows the United States to seek review of an order of a magistrate judge regarding a defendant's conditions of release. 18 U.S.C. § 3145(a). The district court reviews the magistrate's order *de novo. United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). The United States does not seek a new hearing, but simply requests

that the Court conduct a *de novo* review of the record established at today's detention hearing.[1]  *See United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991); *United States v. Cross*, No. 20-CR-9, 2020 WL 1139841, at *1 (E.D. Wis. Mar. 9, 2020).

The United States respectfully disagrees with the Magistrate Judge's finding that the third-party custodians (one of whom has two prior misdemeanor convictions for theft and trespass) will sufficiently address the defendant's risk of flight and risk of danger to the community in light of the nature and circumstances of this case and the weight of evidence. The riot of May 31 and June 1, 2020, incited by the defendant presented the most serious widespread threat to the public safety of Champaign-Urbana in decades. The evidence is strong not only that the defendant incited and participated in the riot, but also that he has no remorse for his conduct. ("I'm a f*****g hero.") Thus, there are no conditions that will safeguard the community.

Additionally, the evidence is overwhelming that the defendant fled to Mississippi to avoid apprehension for his crime. ("can police find your location . . .," "leave . . . until stuff dies down," "I had to bail out . . . s**t got too hot," etc.). He was arrested by the U.S. Marshals Service in Mississippi on an outstanding state and federal warrant because he still had his phone. He will be harder to locate now that the USMS seized his telephone. Thus, there are no conditions that will reasonably assure that the defendant will not flee again.

---

[1] Of course, if the Court also may conduct a new hearing, if it so chooses. *Torres*, 929 F.2d 292.

5

WHEREFORE the United States of America respectfully requests that the Court stay the United States Magistrate Judge's order to release the defendant pending *de novo* review by the Court, and thereafter revoked.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Elisabeth R. Pollock, Esq.
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov