AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
CENTRAL District of ILLINOIS

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| SHAMAR BETTS | Case Number: 20-CR-20047-001 |
| | USM Number: 22080-043 |
| **Date of Original Judgment:** 8/24/2021 | Elisabeth R. Pollock and Thomas Drysdale |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2101(a) | Inciting a Riot | 5/31/2020 | 1 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/19/2021
Date of Imposition of Judgment

s/Michael M Mihm
Signature of Judge

Michael M. Mihm      U.S. District Judge
Name of Judge        Title of Judge

11/4/2021
Date

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAMAR BETTS
CASE NUMBER: 20-CR-20047-001

Judgment — Page  2  of  7

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of

36 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1. It is recommended that the defendant serve his sentence in a minimum security facility as close to his family in Champaign, Illinois, as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
    Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAMAR BETTS
CASE NUMBER: 20-CR-20047-001

Judgment—Page __3__ of __7__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer.

2. You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency as directed by the court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to the defendant's conditions of supervision. Any answers the defendant gives in response to the probation officer's inquiries as they relate to the defendant's conditions of supervision must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.

4. The defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.

5. The defendant shall permit a probation officer to visit him or her at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

| | |
|---|---|
| AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case<br>Sheet 3A — Supervised Release | (NOTE: Identify Changes with Asterisks (*)) |

DEFENDANT: SHAMAR BETTS  
CASE NUMBER: 20-CR-20047-001

Judgment—Page 4 of 7

## ADDITIONAL SUPERVISED RELEASE TERMS

6. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

7. The defendant shall not knowingly meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the Court.

8. The defendant shall attempt to secure regular and lawful employment, unless excused by the probation office for schooling, training, or other acceptable reasons. The defendant shall keep the probation officer advised of any changes in his employment status.

9. The defendant shall not knowingly be present at places where controlled substances are illegally sold, used, distributed, or administered.

10. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as approved by the U.S. Probation Office and shall take any and all prescribed medications recommended by the treatment providers. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.

11. As long as your restitution obligation is outstanding, you shall provide the U.S. Probation Office access to any requested financial information including both your business and personal income tax returns.

12. As long as your restitution obligation is outstanding, you shall not incur any new debts or open any additional lines of credit in excess of $500 without prior approval of the U.S. Probation Office.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 7

DEFENDANT: SHAMAR BETTS
CASE NUMBER: 20-CR-20047-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | * Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 1,686,170.30 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| * Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Active Wear | $164,300.98 | $164,300.98 | |
| AT&T | $1,618.75 | $1,618.75 | |
| Best Buy | $85,709.90 | $85,709.90 | |
| Binny's Beverage Depot | $11,274.07 | $11,274.07 | |
| Boost Moblie | $27,013.15 | $27,013.15 | |
| Brookfield Properties | $2,958.54 | $2,958.54 | |
| Burger King | $4,836.20 | $4,836.20 | |
| Champaign Jewelers | $11,430.00 | $11,430.00 | |
| Chinatown Buffet | $16,700.00 | $16,700.00 | |
| Circle K (Prospect Ave) | $6,705.26 | $6,705.26 | |
| Circle K (Neil Street) | $19,249.16 | $19,249.16 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

☐ the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAMAR BETTS
CASE NUMBER: 20-CR-20047-001

Judgment — Page 6 of 7

# ADDITIONAL RESTITUTION PAYEES

| * | Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| | Cricket Wireless | $2,991.20 | $2,991.20 | |
| | Dick's Sporting Goods | $2,678.75 | $2,678.75 | |
| | J.C. Penney | $159,642.00 | $159,642.00 | |
| | Jimmy Jazz | $6,422.64 | $6,422.64 | |
| | Kohls | $148,739.76 | $148,739.76 | |
| | LensCrafters | $91,162.15 | $91,162.15 | |
| | Macy's | $417,865.00 | $417,865.00 | |
| | Meijer Express Gas Station | $65,339.49 | $65,339.49 | |
| | Mosser's Shoes | $3,060.00 | $3,060.00 | |
| | Old Navy | $73,239.02 | $73,239.02 | |
| | Premier Sound & Design | $70,117.98 | $70,117.98 | |
| | Rural King | $275.00 | $275.00 | |
| | Shell Gas Station | $11,888.94 | $11,888.94 | |
| | Shoe Carnival | $8,839.89 | $8,839.89 | |
| | Simplified Computers | $299.36 | $299.36 | |
| | Slumberland Furniture | $1,252.73 | $1,252.73 | |
| | Sunnyside Dispensary Cresco Labs | $5,840.00 | $5,840.00 | |
| | T.J. Maxx | $93,195.02 | $93,195.02 | |
| | Target | $96,322.42 | $96,322.42 | |
| | T-Mobile (Prospect Ave) | $2,727.22 | $2,727.22 | |
| | T-Mobile (Marketview Drive) | $9,931.00 | $9,931.00 | |
| | Verizon | $18,808.40 | $18,808.40 | |
| | Walmart | $11,455.00 | $11,455.00 | |
| | Zales Jewelry | $32,281.32 | $32,281.32 | |
| | | | | |
| | **TOTALS:** | $ 1,686,170.30 | $ 1,686,170.30 | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments                                         (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: SHAMAR BETTS  
CASE NUMBER: 20-CR-20047-001

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

\* **A** ☑ Lump sum payment of $ 1,686,270.30 due immediately, balance due

  ☐ not later than _____ , or
  ☑ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

\* **F** ☑ Special instructions regarding the payment of criminal monetary penalties:

The total amount of $1,686,170.30, is due and payable immediately, including during the period of imprisonment. The Defendant shall make monthly payments of at least 50% of his disposable income per month during the entire term of supervised release or until the restitution is paid in full. All payment, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of the court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.